The second case is Norman Seabrook v. United States, and that's what we're going to hear of you now. You'll see that Judge Carney's seat is vacant. She's recused, so the two of us will be handling this case this morning. And with that, Mr. Adler?  May it please the Court. The proceeding before Your Honors today is in connection with an application for a certificate of appealability. And I would make the analogy to summary judgment, meaning that the judicial exercise is issue identification, not issue resolution. And as set forth in the moving papers in this case, we respectfully submit that there were numerous, both procedural and substantive violations by the district court in connection with the processing of Mr. Seabrook's case. The motion was filed timely. The government elected not to file a response. The judge never calendared it, never held a status conference, never afforded counsel oral argument, never ordered a hearing. This was not a case in which a defendant pled guilty under a written plea agreement with an appeal waiver, such that the issues might be perceived to be readily rebuttable by the state of the record before the court. And so the court, in his opinion, a copy of which is before the court, he engaged in fact-finding. He engaged in determinations about trial strategy in the context of a case where he did not follow the admonitions of this court, which is to say that where ineffective assistance of counsel is alleged at the trial stage, that it is useful and helpful to request an affidavit or statement from trial counsel to indicate whether or not the alleged errors in the 2255 are explainable by trial strategy. The court elected not to do that. Instead, he embarked on taking the wheel of the bus, drove the bus, made findings of fact, never applied the law in the light most favorable to the movement, never elected to apply any of the inferences in favor of the movement. Simply, sua sponte, dismissed the proceeding, and then with no application before it, decided that, well, while I'm at it, I'll just deny a certificate of appealability, even though Mr. Adler never came to me and asked me to issue one. So, Mr. Adler, can I ask, because you're describing, you're telling us a theme. There's a bunch of specific arguments, and I wonder if we could try to hone in on a couple of them. When you talk about the court not having, not granting the right inferences, to the extent that the court concluded that some of the actions that you've alleged counsel should have taken would have been futile, wouldn't have led to a favorable ruling, essentially knocked them out on the prejudice prong. How would hearing or more evidence have changed the court's analysis in those instances? Well, in a certain sense, I can't directly answer that because we're in a vacuum and we don't have that testimony, so we're speculating. But in response to this, the allegation was that there was a $19 million loss that was sustained. And simply put, the government says, it was Seabrook's fault. So, a lot of this evidence would have demonstrated, number one, that the $19 million loss was neither sought. He didn't act with criminal intent to cause that loss. It wasn't foreseeable. It overstated the loss and at the same time caused tremendous prejudice with the $19 million restitution award. Because there was no proof that the $19 million was the proximate cause of the receipt of the alleged $60,000. So now I get, again, there's what, I think I have 11 issues on my list. You're talking about the specific challenge to the admission of the amount of loss, the $19 million. In the argument you just made. Yes, and the judge admitted at sentencing that it wasn't an issue that he could consider in imposing the sentencing guidelines. But that followed a decision by the court to change the law of the case. He disregarded the law of the case doctrine. But didn't the court on direct appeal address that same issue and deny the challenge, the admission of the $19 million evidence? Well, this goes to the question of whether the record was protected by trial counsel. And the reason this issue is now before this court is because we contend that this was an indicia of ineffective assistance by trial counsel. Didn't trial counsel argue that the $19 million was not foreseeable? He argued it wasn't foreseeable, yes, Judge, but he didn't- What is the ineffective assistance? Sure. The ineffective assistance is that number one, he should have argued that it was not the proximate cause of the loss. And the United States Supreme Court years ago indicated that- Why isn't that a matter of trial strategy? He argued that it wasn't foreseeable. I'm not sure that that is so different from causation, but- Judge Chin, there's no affidavit from trial counsel indicating that there ever was a trial strategy or that he was preoccupied by another case, in this case, I identified it similarly. On the face of it, it does seem like the exercise of trial strategy by experienced lawyer. No, I disagree most respectfully. It's speculation. The best way to find out if something is based on trial strategy would have been if somebody submitted a statement. And if the court chose to believe it, then I agree with your analysis. But I'm saying in this case, the missing linchpin is that there's no statement, there's no testimony, there's no indication. It's the trial judge speculating in the absence of a record when had he had an affidavit from Paul Sheckman. I concede that if the judge wanted to credit that, I have no credible argument for you. But it isn't in the record, and we're speculating, and it isn't right. So to the extent we're talking about the evidence of the $19 million, what was the consequence of that for the conviction as opposed to the restitution or anything like that? He ended up with 58 months, even though everybody else in the case ended up with sentences that were less than nine months. And beyond that, nobody else was required to pay restitution anywhere near there. So the jury heard about the loss. It became the pink elephant in the room. It crept into the trial. The jury heard it. Judge Hellestein is a very experienced judge. He absolutely nailed it. He understood what was going to break the log jam between the hung jury before Judge Carter and getting a conviction. He did it. He got it. I'm saying he should have recused himself. I'm saying that the lawyer had an obligation to go to his client and say, this judge has got a relationship with a cooperator who's getting immunity to testify against you. Do you think it's a good idea that we stay with this guy? He says he's offering to be recused. And I say that the trial lawyer doesn't have unfettered discretion. He has to consult with the defendant. I made that claim. I stand behind that claim. There is nothing to rebut that claim that the lawyer decided for his own reasons not to follow the direction of the client. And there are a line of cases straight up to the United States Supreme Court that remind us, as defense counsel, the client isn't just chop liver. The client is the one that this is all about. The client has a right to make certain decisions. This wasn't a heat of battle decision. Let me just clarify one thing. When you said that a lawyer chose not to follow the direction of the client, I want to make sure I understand the facts. I thought the claim here was that the lawyer never consulted the client at all. Yes. Okay. And that's in the affidavit. I stand behind that affidavit. And there's nothing to rebut that affidavit. This should have been a hearing. Yeah. And I respectfully submit that- Well, not consulting is different from disregarding the client's instructions. I mean, so which is it? Well, he didn't follow the client's instructions. He didn't, the client, according to the affidavit, indicated to the lawyer, I want out. And the lawyer didn't do it. And I don't know why, but on this record, I think that the remedy, the appropriate remedy, is to grant a certificate of appealability because of these departures from proper practice. There are serious issues. This is a defendant with no prior criminal record. He was absolutely destroyed. He's serving a 58-month sentence down in West Virginia. This is a situation that I think cries out. It is important that justice be done. It is important that the appearance of justice be done. And on this record, this judge- There was the bag with $20,000 worth of cash was found in his home. The very bag that was purchased by Mr. Reknitz, as I understand it, from a show of purchase records. An empty Ferragamo bag was found in the court- I think it was $20,000 in it. The court allowed money to come in from the house, from the safe, and other sources. And as the court indicated in his opinion, he said it was clearly admissible. Now, it wasn't clearly admissible. There may not have been a basis to move to suppress under the good faith exception of Leon versus the United States. But the government was obliged to demonstrate the relevancy of money seized from the safe. The lawyer never made the application. He never made the application to exclude it under 403. And I respectfully submit that this defendant was prejudiced. All I'm asking for is the opportunity to be heard. Thank you for your time. Thank you. It's Pomerantz. May it please the court. My name is Laura Pomerantz, and I'm an assistant United States attorney for the Southern District of New York. I represent the United States on appeal and in the proceedings below. Norman Seabrook seeks a certificate of appealability as to approximately a dozen issues. He now has a certificate of appealability as to another issue that is not before us today. Seabrook's motion for- He also has a direct appeal from the denial of the motion for a new trial? I'm sorry, your honor? Does he also have a direct appeal from the denial of the motion for a new trial? Well, your honor, my understanding is that that has been styled as a part of his claim on the habeas petition. And so, to the extent that the court is entertaining that, our position is that the motion for a new trial should also be denied here. That motion is- I was under the impression that he had a direct appeal from the denial of a motion for a new trial, which would go to whether the motion for a new trial is properly denied, which is separate from this case. Your honor, my understanding was that there was previously a motion for a new trial that was addressed in this court's prior opinion. Then he has subsequently raised a motion for a new trial based on, my understanding, his newly discovered evidence. My understanding was that was brought under section 2255. He's requesting a certificate of appealability for that issue, and our position is that that request should be denied. Can I ask a question about this? You've got the judge saying, hey, I have this connection that you could interpret as a conflict. Do you want to ask me to recuse? Why don't you take some time to talk to your client? We now have an affidavit saying, no, that never happened. Didn't talk to the client. How can the court in the 2255 draw any kind of inferences about, that was a strategic decision, or that didn't happen, or whatever inferences to deal with that argument without at least hearing from the lawyer? Your Honor, I think it's important to frame the issue. In Seabrook's affidavit, he claims that trial counsel withheld information about a potential conflict of interest from the petitioner. But that is a patently false claim based on the record that is before your honors. As the district court explained in its opinion, and as is clear from the transcripts, Seabrook was present for the disclosure, he was sitting next to counsel, there was no objection. He was also present when trial counsel said that he was comfortable with Judge Hyerson. When you say there's no objection, I just want to be clear. We know counsel didn't object, but are you suggesting that at that point it was incumbent on the client in open court to say I object without having the conversation with the lawyer that was contemplated by the judge's suggestion that they go talk about it? I'm suggesting that what petitioner is claiming was that information was withheld. That is what his claim is in his petition. And that is not supported by the record. Do you think that reading his petition fairly, or more broadly, that he's alleging not just that the information was withheld, because perhaps he was there, but that he never had an opportunity to talk with his lawyer about whether or not that would be a conflict that he would waive? That's not what is alleged in the petition. What is clear from the district court's opinion and from the record below is that there are multiple times when he is advised of this issue. But in any event, he can't show actual prejudice because he's not established that the district court would have recused itself, was required to recuse itself, or that the district court prejudiced the petitioner by presiding over his case. So he can't establish prejudice. So you're sort of jumping to the next. You're not trying to defend the ground on the first prong of Strickland to say that if counsel fails to consult with the client about this potential conflict, that that would not rise to the level of the professional standard. You're sort of moving to the prejudice prong and saying that that claim fails on the prejudice prong. I'm focused on the prejudice prong, Your Honor. But I would also just note that what is being represented is not what happened below. And so I just think it's important to clarify for the record that the facts as they've been explained by petitioner are not in fact what happened below, which is the reason, which in part informs for this claim and for many other claims why there's been no hearing, why there has been nothing further on this. But the court may well have had knowledge of what happened in open court below. But the court wouldn't have any knowledge of what conversations did or didn't take place between counsel and his client outside of the courtroom relative to this disclosed potential conflict, right? So how would the court be able to draw any inferences about that just because the client heard the disclosure? If the client's never had an opportunity to discuss that with counsel and voice an objection, how would the judge know that? I understand Your Honor's question. I think that the district court's opinion on this issue was focused on clarifying the factual record and in any event, moving to that second prong of the Strickland analysis to say that he could not show actual prejudice for the reasons that I've outlined for the court. Unless the panel has any further questions, we would rest on our submission. Thank you very much. Thank you. Thank you. We're going to take a brief recess and we'll be back for some more fun. Court stands at recess. Judges of the United States Court of Appeals for the Second Circuit. Please be seated. Thank you. Good morning again. We're on to the regular argument calendar. I want to note that we're taking one case on submission. That's 22-949, Tripathy v. Lockwood. We have three cases for argument today.